UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BANK OF AMERICA NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY MORTGAGE LOAN TRUST 2006-8AR,<br><br>Plaintiff,<br><br>v.<br><br>ALLEN DEEBLE; KATHRYN DEEBLE; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 5:11-cv-05543-LHK<br><br>ORDER REMANDING CASE |

On July 12, 2011, Plaintiff Bank of America National Association as Successor by Merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2006-8AR ("Bank of America"), filed an unlawful detainer action against Defendants Allen Deeble, Kathryn Deeble, and Does 1-10, inclusive ("Defendants"), in the Superior Court for the County of Santa Cruz. *See* ECF No. 1, Ex. A. Defendants removed the action to federal court on November 16, 2011, asserting federal question jurisdiction. ECF No. 1. The case was reassigned to the undersigned judge on December 6, 2011. ECF No. 9. Before the Court is Plaintiff's Motion to Remand for lack of jurisdiction, which Defendants have not opposed. *See* ECF No. 5 ("Mot."). The Court finds the matter appropriate for determination without oral argument and therefore

VACATES the hearing set for May 31, 2012. *See* Civil L.R. 7-1(b). After reviewing the parties' submissions and the relevant law, the Court concludes that it lacks jurisdiction over this matter, and therefore GRANTS the Motion to Remand.

**I.  BACKGROUND**

The instant dispute arises from a non-judicial foreclosure sale of real property located at 25 Zappa Court, Felton, California 95018 (the "Property"). ECF No. 1, Ex. A. In seeking to recover possession of the Property, Plaintiff filed a complaint in the Superior Court for the County of Santa Cruz for unlawful detainer against Defendants pursuant to California Code of Civil Procedure § 1161a(b)(3) ("state court action"). *See* ECF No. 1, Ex. A. Defendants filed a demurrer to the complaint alleging defective notice, which the Superior Court overruled. *See* ECF No. 1, Ex. B. Defendants then answered the complaint, which was set for trial on November 17, 2011. Mot. at 5. On the eve of trial, Defendants filed a Notice of Removal asserting federal question jurisdiction exists "because Defendants' demurrer . . . depend [sic] on the determination of Defendants' rights and Plaintiff's duties under federal law," namely, whether Plaintiffs complied with the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220 ("PTFA"). ECF No. 1 ¶¶ 8, 10.

**II.  LEGAL STANDARD**

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A suit may be removed from state court to federal court if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a).

Every federal court has an independent obligation to examine its own jurisdiction. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). If it appears at any time before final judgment that the court lacks subject matter jurisdiction, the court must remand the action to state court. 28 U.S.C. § 1447(c). Federal jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transport Ass'n. of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*

*Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

### III. DISCUSSION

Defendants' Notice of Removal alleges that federal question jurisdiction exists because their demurrer requires a "determination of Defendants' rights and Plaintiff's duties" under the PTFA. Defendants' argument is without merit. "[A] case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393. Additionally, "the mere presence of a federal issue in a state of cause of action" cannot automatically be the basis for removal. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Finally, even if Defendants were to style their claims in the demurrer as counterclaims, "counterclaims . . . cannot serve as the basis for [1331] 'arising under' jurisdiction." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-32 (2002). Thus, Defendants cannot remove the action to federal court simply by pleading a defense or counterclaim that implicates federal law.[1]

Ultimately, Plaintiff is the "master of the complaint," and it can "eschew[] claims based on federal law, . . . to have the cause heard in state court." *Caterpillar*, 482 U.S. at 398-99. Here, Plaintiff's state court complaint alleges only one cause of action for unlawful detainer under California state law. *See* ECF No. 1, Ex. A; ECF No. 5 at 5. There is no federal question that arises from the face of Plaintiff's properly pleaded complaint. *See Caterpillar*, 482 U.S. at 392. Because the only possible federal issue in this case involves a defense, federal question jurisdiction

---

[1] Although unnecessary to the Court's analysis, the Court further notes that Defendants' demurrer cites only provisions of state law, not the PTFA, as the basis for its assertion of defective notice. *See* ECF No. 1, Ex. B. Furthermore, even if Defendants had specifically asserted violation of the PTFA as a defense or counterclaim, the PTFA does not create a private right of action or an independent basis for federal subject matter jurisdiction. *See Aurora Loan Servs. LLC v. Torres*, No. 11-cv-30611, 2011 WL 4551458, at *1 (N.D. Cal. Sept. 30, 2011); *Nativi v. Deutsch Bank Nat'l Trust Co.*, No. 09-06096 PVT, 2010 WL 2179885, at *2-4 (N.D. Cal. May 26, 2010).

3

Case No.: 5:11-cv-05543-LHK
ORDER REMANDING CASE

is lacking.[2]  Accordingly, Plaintiff's Motion to Remand is GRANTED, and the action is REMANDED to the Superior Court for the County of Santa Cruz.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 9, 2012

_____
LUCY H. KOH
United States District Judge

---

[2] Defendants do not assert diversity jurisdiction, but in any event, Plaintiffs' state complaint seeks damages in an amount less than $10,000.  *See* ECF No. 1, Ex. A.  Thus, because the amount in controversy is less than $75,000, diversity jurisdiction is also lacking.  *See* 28 U.S.C. § 1332(a); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938) (the status of the case as disclosed by the plaintiff's complaint is controlling for purposes of removal).

4
Case No.: 5:11-cv-05543-LHK
ORDER REMANDING CASE